## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LARRY YOUNG and MARIE BLAIR,

      Plaintiffs,

v.                                Case No. 10-11012

CITY OF DEARBORN, et al.,

      Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT CITY OF DEARBORN'S MOTION FOR SUMMARY JUDGMENT

On February 10, 2010, Plaintiffs brought an action pursuant to 42 U.S.C. § 1983

alleging deprivation of constitutional rights under color of law.  On August 26, 2010,

Defendant City of Dearborn filed the instant motion for summary judgment. Dearborn

contends there are no grounds for municipal liability for the alleged violations of

constitutional rights.  Plaintiffs failed to file a response as required by Local Rule 7.1.

The court concludes a hearing on this motion is unnecessary.  *See* E.D. Mich.

LR 7.1(f)(2).  For the reasons stated below, the court will grant Dearborn's motion.

## I.  BACKGROUND[1]

On February 10, 2007, Plaintiff Larry Young, III, visited the Fairlane Town Center

shopping mall in Dearborn, Michigan.  Young was seventeen years of age and a

_____

[1] All facts in this section are either taken from Plaintiffs' complaint, or, where the complaint is silent, the facts are taken from Defendant's unopposed motion.  Pursuant to the Scheduling Order entered by this court on June 11, 2010, (Dkt. # 13) "[a]ny proffered fact in the movant's Statement of Material Facts that is not specifically contested will, for the purposes of the motion, be deemed admitted."

student.  The visit to Fairlane was a chaperoned outing organized by Detroit Job Corp,

and Young was supervised by Arthur Smith during the visit.  At the time of the visit,

Fairlane had in effect a policy requiring all minors to be accompanied by an adult at all

times while in the mall.  Although Young and the other students were being supervised

by Smith, Young had left the physical presence of Smith to use the restroom.  A security

guard at Fairlane, Frank Latham, approached Young and inquired as to his age.  Upon

learning that Young had not yet reached the age of majority, he informed Young of the

policy and told him he must leave.  Young refused, and two additional security guards,

Defendants Daniel Ayotte and Joshua Urbiel, were summoned to assist in ejecting

Young.  A scuffle ensued, and Young was arrested for trespassing and resisting arrest.

All three guards were employed by Fairlane as private security guards, as authorized

and licensed under Michigan law.  None were employees of Dearborn.

Young was taken to the Dearborn Police Station for post-arrest processing and

holding.  At a jury trial, Young was found guilty of both charges.  The convictions were

subsequently overturned on appeal.  On February 10, 2010, Plaintiffs Young and Marie

Blair (Young's mother) brought suit against Defendants under 42 U.S.C. § 1983,

alleging deprivation of constitutional rights.[2]  The action was removed to this court.  On

---

[2] The Civil Rights Act of 1871, as amended, provides:

Every person who, under color of any statute, ordinance, regulation,
custom, or usage, of any State or Territory or the District of Columbia,
subjects, or causes to be subjected, any citizen of the United States or
other person within the jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws, shall be

liable to the party injured in an action at law, suit in equity, or other proper
proceeding for redress.

August 16, 2010, Defendant City of Dearborn filed the instant motion for summary

judgment. Dearborn presents evidence that the arresting security guards were not

operating under authority of or pursuant to any policy or custom of the municipality. The

participation of Dearborn was passive, merely allowing use of its facilities after the

alleged constitutional violations. Plaintiffs did not file a brief in opposition to this motion.

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when

there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary

judgment, the court must view the evidence in the light most favorable to the non-

moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United

States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its

burden of showing that the pleadings, depositions, answers to interrogatories,

admissions and affidavits in the record, construed favorably to the non-moving party, do

not raise a genuine issue of material fact for trial, entry of summary judgment is

appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex

Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but

rather to determine if the evidence produced creates a genuine issue for trial. *Sagan*,

342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

The moving party discharges its burden by "'showing'—that is, pointing out to the district

---

42 U.S.C. § 1983.

court—that there is an absence of evidence to support the nonmoving party's case."

*Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325).

The burden then shifts to the nonmoving party, who "must do more than simply show

that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*

*Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put

forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369

F.3d at 909 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is not appropriate

when "the evidence presents a sufficient disagreement to require submission to a jury."

*Anderson*, 477 U.S. at 251-52.

### III. DISCUSSION

Defendant moves for summary judgment on the grounds that Plaintiffs' claims do

not raise any genuine issues of material fact regarding Defendant's liability for the

alleged acts. In their complaint, Plaintiffs alleged that Latham, Ayotte, and Urbiel were

acting as agents of Dearborn and under the color of the authority of the municipality.

Although it is undisputed that the security guards processed and held Young at the

Dearborn Police Station, Dearborn denies that it bears any responsibility for any

violations of § 1983 that may have occurred. Dearborn argues it is entitled to summary

judgment on all claims because the undisputed evidence shows that the arresting

security guards were not its agents, but were licensed security guards of Fairlane Town

Center. Fairlane maintains a private security force pursuant to the Michigan Private

Security Business and Security Alarm Act, Mich. Comp. Laws §§ 338.1051-1092. As

indicated in the police report filed at the time of Young's arrest, Urbiel, Latham, and

Ayotte were private security employees of Fairlane. Although they did use the Dearborn

Police Station at some point during the arrest and detention of Young, they do not thereby become agents of Dearborn. Even had Urbiel, Latham, and Ayotte been agents of Dearborn, their actions would not be the basis of municipal liability under § 1983. Municipalities are not subjected to liability for deprivation of civil rights under the doctrine of *respondeat superior*. *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978). Municipal liability must be based on actions of those within the municipality authorized to make final policy decisions. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482-83 (1986).

Although municipalities may be liable under § 1983 for deprivations of civil rights, such liability requires a showing that the deprivation resulted from the "execution of a policy or custom" of the municipality. *Monell*, 436 U.S. at 695. Plaintiffs allege that the policy of allowing Fairlane security guards to use the Dearborn Police Station for processing and holding arrestees deprived Young of his constitutional rights. Dearborn admits that it does have a policy allowing Fairlane security guards to use the Dearborn Police Station for processing and holding arrestees under Dearborn Police Department Amended General Order No. 04-1.66. (Def. Mot. Ex. F.) This policy is insufficient to establish liability under § 1983, however, without an additional showing of a causal connection between the policy and the deprivation.

Where a § 1983 claim is premised on a "facially lawful municipal action," an additional showing of "'deliberate indifference' as to its known or obvious consequences" is required. *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 407 (1997) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). In such situations, "[a] showing of simple or even heightened negligence will not suffice." *Id.* Plaintiffs claim

the policy of accepting arrestees without substantial independent investigation into the circumstances of their arrest demonstrates a "deliberate indifference" to the rights of those arrested by state-licensed private security guards.  However, Plaintiffs have failed to proffer any evidence to support their allegation that Dearborn's jailing practices caused the arrest and imprisonment of Young.  Dearborn's policy allowing Fairlane security guards to use the municipal police station for processing and detaining individuals after arrest is a "facially lawful municipal action."  The alleged violations of Young's constitutional rights cannot fairly be said to result from "deliberate indifference" to "known or obvious" consequences of allowing duly licensed professional security personnel to use municipal facilities for post-arrest processing.  Indeed, even if the validity of such arrests generally were to be in question, it would be a benefit to those so arrested to be placed in the hands of police officials, rather than remaining in the charge of a private security force.

The Sixth Circuit has provided additional guidance for determining whether a facially lawful municipal policy may support § 1983 liability.  Where the challenged policy is facially lawful, Plaintiffs must show that it was "consistently implemented to result in constitutional violations with explicit or implicit ratification by city policymakers."  *Gregory v. City of Louisville*, 444 F.3d 725, 753 (6th Cir. 2006).  To establish a facially constitutional policy demonstrates deliberate indifference, there must be "considerably more proof than the single incident . . . to establish both the requisite fault on the part of the municipality, and the causal connection."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985).  Plaintiffs have proffered no evidence whatsoever of other civil rights violations by the Fairlane security force, no evidence that Dearborn knew of any such

6

violations, and no evidence that other civil right violations were facilitated by Dearborn's policy or custom of allowing Fairlane security guards use municipal facilities to process individuals after arrest. Therefore, Plaintiffs cannot establish the "deliberate indifference" required to show that the municipal policy, rather than the actions of particular municipal employees, caused Young to be subjected to any of the alleged deprivations of civil rights.

By demonstrating the absence of a genuine issue of material fact, Dearborn shifted the burden to Plaintiffs to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Plaintiffs have not proffered evidence to show that there exists a genuine issue regarding any facts that would support municipal liability. Since the Plaintiffs have failed to established a factual basis for a jury to conclude that Dearborn caused Plaintiffs harm, summary judgment in favor of Dearborn is appropriate pursuant to Rule 56.

## IV. CONCLUSION

Because Plaintiffs have failed to establish a prima facie case of a § 1983 civil rights violation against Dearborn, the court will grant Defendant Dearborn's unopposed "Motion for Summary Judgment." Accordingly,

IT IS ORDERED that Defendant City of Dearborn's "Motion for Summary Judgment" [Dkt. # 17] is GRANTED. A judgment in favor of Defendant City of Dearborn will be entered at the conclusion of this case.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 8, 2010


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 8, 2010, by electronic and/or ordinary mail.


 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1 ORDERS\10-11012.YOUNG.SJ.1983.lm.nkt.wpd