**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LARRY YOUNG and MARIE BLAIR,

    Plaintiffs,

v.                                                      Case No. 10-11012

CITY OF DEARBORN, et al.,

    Defendants.

                                                   /

**OPINION AND ORDER DENYING PLAINTIFFS' "MOTION TO SET ASIDE
OPINION AND ORDER GRANTING DEFENDANT CITY OF DEARBORN'S
MOTION FOR SUMMARY JUDGMENT"**

Pending before the court is Plaintiffs' "Motion to Set Aside Opinion and Order Granting Defendant City of Dearborn's Motion for Summary Judgment," interpreted as a motion for reconsideration. For the reasons stated below, the court will deny Plaintiffs' motion.

**I. BACKGROUND**

Plaintiff Larry Young was present in a shopping center located in Dearborn, Michigan, in 2007. At that time, he was seventeen years of age and not immediately supervised, even though one or more of his "Detroit Job Corps" supervisors were elsewhere in the shopping center. Young was approached by security officers of the mall, who asked his age. Young responded truthfully, and the security officers demanded he leave the premises in accordance with a policy prohibiting persons under the age of eighteen from remaining in the shopping center after a certain hour without supervision. Young did not remove himself from the premises, so he was removed by

force.  He was then held at the Dearborn Police Station and charged with trespassing and resisting arrest.  At trial a jury found Young guilty of both charges.  The verdict was overturned on appeal, and Plaintiffs then filed the instant suit against Defendants, including Defendant City of Dearborn, pursuant to 42 U.S.C. § 1983.

A scheduling order issued on June 11, 2010.  On August 16, 2010, Dearborn filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiffs did not respond.  Almost two months later, on October 8, 2010, the court granted the motion for summary judgment with respect to Dearborn.  Plaintiffs timely filed the instant motion for reconsideration pursuant to Federal Rule of Civil Procedure 60.  Plaintiffs seek reinstatement of Dearborn as a defendant based upon two grounds: 1) discovery has not yet concluded and 2) an amended theory of municipal liability for Dearborn's role in prosecuting Young.

## II. STANDARD

Federal Rule of Civil Procedure 60 permits a court to grant relief from an order for several reasons, including "excusable neglect" and "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b).  Eastern District of Michigan Local Rule 7.1 provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) "show that correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for

2

reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

### III. DISCUSSION

Despite citing the applicable standards of review, Plaintiffs point to neither "excusable neglect" for their failure to respond to Dearborn's motion nor any "palpable defect" in this court's order. Fed. R. Civ. P. 60; E.D. Mich. LR 7.1(h)(3). Plaintiffs instead contend that they should be allowed the full course of discovery prior to any motion for summary judgment. In this they rely upon *Porter v. Califano*, which noted that "summary judgment [should be used] most sparingly in a First Amendment case such as this involving delicate constitutional rights, complex fact situations, disputed testimony, and questionable credentials." 592 F.2d 770, 778 (5th Cir. 1979).[1] *Porter*, in addition to being non-binding, is inapposite to Dearborn's motion because it involved the careful balancing of interests of public employers and employees with respect to speech on issues of public concern. *Id.* This court's grant of summary judgment dealt with municipal liability under § 1983 and *Monell v. Department of Social Services*. 436 U.S. 658, 691 (1978). Even in *Porter*, there is no more than a caution to use particular care in deciding motions for summary judgment, not anything close to absolute prohibition on granting summary judgment in "a civil rights case wherein discovery is ongoing." (Pl. Mot. 10.)

---

[1] *Porter* is not a Sixth Circuit case as Plaintiffs cited it. It is, accordingly, not binding although perhaps informative. *See, e.g., Tolliver v. Sheets,* 594 F.3d 900, 916 n.6 (6th Cir. 2010).

3

Moreover, *Porter* predated by several years both the 1983 amendment to Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S 317 (1986), in which the Court held that Rule 56 "mandates the entry of summary judgment, after *adequate* time for discovery . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S at 322 (emphasis added). "Adequate" time may not in every case be such time as will completely exhaust the court's imposed discovery deadlines, especially where, as here, there has already been an entire trial conducted at which a record was made and which is prominently noted in the brief in support of Dearborn's motion for summary judgment.

Plaintiffs failed not only to respond to the substance of the motion, but also failed to present even an affidavit in response to the motion, specifying reasons additional discovery was required. *See* Fed. R. Civ. P. 56(f). Indeed, Plaintiffs still present no indication of what facts they might seek to discover or how those facts might demonstrate liability. They rely upon the bald assertions that "[i]t is Plaintiffs' intention to show the complete relationship between Dearborn and the other defendants" and that "[t]here are more facts to be discovered and presented." (Pl. Mot. 10.) Plaintiffs have noted merely that discovery is "ongoing." This is wholly insufficient to point out a palpable defect in the court's order.

Plaintiffs next argue that the court failed to consider Dearborn's role in prosecuting Young for trespassing and resisting arrest. There is a reason the court did not address this point: Plaintiffs did not present it. In neither Plaintiffs' complaint nor their amended complaint does any such theory appear. The first amended complaint

4

mentions the prosecution once in forty paragraphs, and this only by way of background. (Amend. Compl. ¶ 21.) The court's failure to address a claim not raised cannot constitute a "palpable defect" sufficient to justify granting relief from the order because it does not constitute a defect. Plaintiffs now seek to amend their complaint a second time to add another basis of liability, but the proposed basis was well known to them before they initiating the case. Indeed, Plaintiffs' claimed new basis is the very prosecution in which Young was convicted, and it cannot be said that extensive discovery—or even any discovery—was needed to learn of this. After a full trial on the record and more than two months of discovery (three months by the time the court was readying its opinion with nothing but silence from Plaintiffs), Plaintiffs still presented nothing but predictions and promises to eventually show a cause of action against Dearborn at trial.

Finally, Plaintiffs have not presented any showing that correcting this alleged "defect" would alter the court's decision on Dearborn's motion. Not only do Plaintiffs face the undoubtedly broad discretion afforded to state prosecutors to review and interpret the facts to decide if a criminal prosecution justified, *see, generally, Bordenkircher v. Hayes*, 434 U.S. 357, 664 (1978), but Plaintiffs also must demonstrate a "policy or custom" of official misbehavior in order for municipal liability under § 1983 to attach. *Monell*, 436 U.S. at 694. Plaintiffs are faced, finally, with the fairly daunting reality that a jury convicted Plaintiff Young at trial, on the same facts presented by the charging prosecutor, before a higher court's interpretation of those facts resulted in an exoneration on appeal. Plaintiff in the instant motion bears the burden of showing the motion for summary judgment would not have been granted had the alleged "defect" not

influenced the court's opinion. E.D. Mich. LR 7.1(h)(3). No such showing has been made. Accordingly,

IT IS ORDERED that Plaintiffs' "Motion to Set Aside Opinion and Order Granting Defendant City of Dearborn's Motion for Summary Judgment" [Dkt # 22] is DENIED.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: November 4, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 4, 2010, by electronic and/or ordinary mail.

       S/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522